IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOHAMED KHALIL AND<br>NORMA FLORES,<br>    PLAINTIFFS, | §<br>§<br>§<br>§ | |
| V. | § | CASE NO. 3:22-CV-1220-S-BK |
| UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES,<br>    DEFENDANT | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Now before the Court is *Defendant's Motion to Dismiss and Brief in Support*. Doc. 28. As detailed herein, the motion should be **GRANTED**.

**I. BACKGROUND**

The operative complaint alleges that in April 2019, Plaintiff Norma Flores filed a Form I-130, "Petition for Alien Relative," ("Petition") to classify Plaintiff Mohamed Khalil as her spouse. Doc. 9 at 2, 6. It further alleges that, based on Flores' Petition, Khalil filed a Form I-485, "Application to Register Permanent Residence or Adjust Status," ("Application") seeking lawful permanent resident status. Doc. 9 at 11. Plaintiffs were subsequently interviewed by officials of Defendant United States Citizenship and Immigration Services ("U.S. Immigration") to ascertain whether their marriage was bona fide. Doc. 8 at 4; Doc. 33 at 1.

In June 2022, Plaintiffs, proceeding *pro se*, filed this action alleging that U.S. Immigration had not adjudicated Flores' Petition and Khalil's Application due to Khalil's name

and race. Doc. 3 at 1. Because only Khalil, a non-lawyer, signed the Complaint on behalf of both Plaintiffs, the Court ordered Plaintiffs to "file an amended complaint that is filed by each *pro se* Plaintiff and that meets the pleading requirements of [Federal Rule of Civil Procedure] 8(a)." Doc. 5 at 2. Plaintiffs timely filed their *Amended Complaint* and a *Response* to the Order, requesting that the Court direct U.S. Immigration to adjudicate Flores' Petition and Khalil's Application. Doc. 8; Doc. 9, *passim*.

In November 2022, U.S. Immigration requested that Plaintiffs appear for a second interview the following month. *See* Doc. 29 at 6. While Khalil attended with their attorney, Flores failed to appear and did not submit any correspondence explaining her absence. Doc. 28 at 2; Doc. 29 at 6-7. Accordingly, U.S. Immigration denied Flores' Petition as abandoned. Doc. 29 at 6-7. Because Khalil's Application was predicated on the approval of Flores' Petition, U.S. Immigration also denied his Application. Doc. 29 at 9-10. U.S. Immigration then filed the instant motion to dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Doc. 28 at 1.

## II. APPLICABLE LAW

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject-matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). In considering a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted).

Federal courts may only consider "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988) (citation omitted). "If a dispute has been

resolved or if it has evanesced because of changed circumstances . . . it is considered moot." *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988) (citation omitted). "If the controversy is moot, federal courts lack subject matter jurisdiction." *Hill v. Est. of Hill*, 594 F. Supp. 3d 741, 760 (N.D. Tex. 2022). "Subject matter jurisdiction can never be waived or forfeited. . . . [A] valid objection may lead a court midway through briefing to dismiss a complaint in its entirety." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

### III. ANALYSIS

U.S. Immigration avers that Plaintiffs' claims are moot as both the Petition and the Application now have been adjudicated and denied; thus, this case should be dismissed for lack of subject matter jurisdiction.[1] Doc. 34 at 1. Plaintiffs allege in their amended response that, *inter alia*, (1) U.S. Immigration denies that it interviewed Plaintiffs in September 2021; (2) U.S. Immigration lost files and claimed it could not obtain documents or that certain records did not exist so it could request a second interview in order to delay this case and retaliate against them; and (3) Flores has a pending Form N-400 application, so the case is not moot. Doc 33 at 1-3.

Plaintiffs' arguments lack merit as (1) the record does not reflect that U.S. Immigration disputes it previously interviewed Plaintiffs; (2) Plaintiffs' assertions that U.S. Immigration purposefully lost their records, claimed certain documents did not exist, and "felt insulted and decided to retaliate" by scheduling a second interview lack plausible factual substantiation; and

---

[1] U.S. Immigration subsequently notified the Court that Flores was unaware Khalil had filed this action and that she did not wish to be a party to it, thereby leaving Khalil without standing to challenge the denial of Flores' Petition. Doc. 36 at 4; Doc. 37 at 4 (Decl. of Crystal Ahumada); Doc. 37 at 15-16 (Sworn Stmt. of Flores). Thereafter, Khalil filed a *Statement for Illustration* in which he asserts that he will agree with the Court's dismissal of this case as he does "not see the point of going on with this lawsuit." Doc. 38 at 5.

(3) while Flores has an active Form N-400 application for naturalization, such application is not at issue in this case, *see* Doc. 8; Doc. 9.

In sum, Plaintiffs have already obtained the relief sought in their operative complaint, to-wit: adjudication of Flores' Petition and Khalil's Application. As such, this civil action is now moot, and the Court lacks subject matter jurisdiction. *Hill*, 594 F. Supp. 3d at 760.

### IV.  CONCLUSION

For the foregoing reasons, *Defendant's Motion to Dismiss and Brief in Support*, Doc. 28, should be **GRANTED,** and this case should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**SO RECOMMENDED** on June 23, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation Petition the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).